**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                          Criminal No. 08-mj-55-01-JM

Shawn Butler


**ORDER OF DETENTION PENDING TRIAL**

    In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on May 20, 2008, for the purpose of determining whether to detain defendant, Shawn Butler, who has been indicted on one count of receiving stolen firearms.

    Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

    Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the

offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In the case at hand, the grand jury's indictment establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with regard to danger to the community and risk of flight. Specifically, the offense involves the purchase from an ex-convict of three stolen weapons which this defendant resold to two drug dealers in Massachusetts. He was in the process of acquiring six additional weapons for sale to drug dealers. He has had sporadic employment and unstable living arrangements. Despite first agreeing to self-surrender, he then telephonically told agents to "find me bitch." When Concord police found him, he fled. He tested dirty for marijuana and cocaine and, at arrest, was found with two marijuana baggies. He was hiding out in a "homeless" area behind the Everett Arena. He is out-of-control and needs treatment. Without it, he is both a danger and a risk of flight.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant also poses a risk of flight.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.  This order is intended to be without any prejudice to reconsideration should defendant be admitted to an inpatient drug treatment facility.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   May 20, 2008

cc:     Peter G. McGrath
        Peter E. Papps
        U.S. Marshal
        U.S. Probation